No. 983            Southern            Bristol, ss.

MENDELSOHN                    (Philip Barnet)
v. ARRUDA                     (Felix F. Perrone)

From the Third District Court of Bristol—Potter, J.
Argued April 8, 1942—Opinion filed May 22, 1942

ESTES, J. (Rowe, J., and Briggs, J.)—This action was begun by trustee writ. The plaintiff is resident in Brookline, Norfolk County, the defendant in Cambridge, Middlesex County, and the trustee in New Bedford, Bristol County, and in the Judicial District of the court in which the action was brought.

The defendant filed a motion to dismiss the action, denying the jurisdiction of the court, because "it appears from the officer's return in said writ and the description of the defendant in said writ, that the action has not been brought in the court within whose judicial district one of the parties lives or has his usual place of business."

The "plaintiff requested the court to rule that under General Laws, c. 246, § 4, the court had jurisdiction of the matter."

The court "refused the plaintiff's request and dismissed the action," and reported the case to this division to determine the correctness of the ruling. The ruling was error, as was the allowance of the motion.

A trustee named in a writ is a party to the action. *Reynolds* v. *Missouri, Kansas & Texas Ry. et al,* 224 Mass. 233. An action in which a trustee is made a party must be brought in the county in which he dwells or has a usual place of business. Gen. Laws, c. 246, § 3; c. 223, § 2.

The defendant has neither argued nor filed a brief. We think he could find no authority to support his motion. There

is nothing in the report to apprise us of the reason the court allowed the motion, and refused the plaintiff's request.

The plaintiff's brief indicates that the court held that a trustee is not a "party," and, in as much as the action must be brought in a judicial district in which one of the "parties" lives, the court had no jurisdiction in this case.

The statutes in question fix the venue of the action. The first error would seem to be in holding that the trustee was not a party. The second is that the action could be brought in another county than that in which the trustee dwells or has a usual place of business. It must be brought in such a county. It must also be brought in a judicial district in which a party lives. The trustee is one of the parties to the action.

In the instant case the trustee was the only party to the action living in Bristol County. The action was brought in the judicial district in which he lives. It was properly brought. The Venue was correct, and the court had jurisdiction.

We know of no decisions to the contrary.

The order is, rulings reversed; plaintiff's request allowed; motion dismissed; case to stand for trial.